UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| WILLIAM L. CASTLEMAN and GUENLEN G. CASTLEMAN, *Plaintiffs*, v. TENNESSEE VALLEY AUTHORITY, *Defendant.* | Case No. 4:06-cv-17 Judge Mattice |

**MEMORANDUM AND ORDER**

Plaintiffs William and Guenlen Castleman bring this action against Defendant Tennessee Valley Authority ("TVA"), alleging an unconstitutional taking in violation of the Fifth Amendment to the United States Constitution.

Before the Court is TVA's Motion to Dismiss, which seeks the dismissal of Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have not filed a response in opposition to Defendant's motion, and the Court deems Plaintiffs to have waived opposition to such motion. E.D.TN. LR 7.2.

For the reasons explained below, Defendant's Motion to Dismiss is **GRANTED**.

**I. STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004). The complaint must contain either "direct or inferential allegations respecting all the material elements to sustain a recovery . . . ." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (internal quotations and citations omitted). The Court must determine not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In making this determination, the Court must construe the complaint in the light most favorable to plaintiff and accept as true all well-pleaded factual allegations. *Arrow*, 358 F.3d at 393; *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). The Court need not accept as true mere legal conclusions or unwarranted factual inferences. *Id.*

## II. FACTS

Viewing the complaint in the light most favorable to Plaintiffs and accepting as true all well-pleaded factual allegations, the relevant facts are as follows.

Plaintiffs William and Guenlen Castleman are owners of property located along Tims Ford Lake. (Court Doc. No. 1, Compl. ¶¶ 1, 4.) In February 1985, the Castlemans submitted a request to the then-Director of the Tennessee Elk River Development Agency ("TERDA"), the organization that managed Tims Ford Lake on behalf of TVA, seeking a site survey and a private use water facilities permit ("Permit") allowing the construction of a boat dock along the lake. (*Id.* ¶¶ 4-5.) In March 1985, the property was inspected by C. Phillip Hayes, a site surveyor for TERDA. (*Id.* ¶ 6.) After the inspection, TERDA approved the issuance of the Permit and the construction of the boat dock, contingent on the construction

-2-

of a permanent residence on the Castlemans' property. (*Id.* ¶ 7.) The Permit apparently did not issue at that time.

In August 2004, Plaintiffs renewed their request for the issuance of the Permit. (*Id.* ¶ 8.) By letter dated August 30, 2004, TVA informed the Castlemans that their property abuts a parcel of reservoir property that is zoned for Natural Resource Conservation pursuant to the Tims Ford Reservoir Land Management and Disposition Plan (the "Plan") and that requests for Permits on lands that are zoned for that purpose are not granted. (*Id.* ¶ 10; *id.* Ex. B.) The letter also stated that certain water use facilities for which permits had already been issued prior to the adoption of the Plan were "grandfathered" by TVA and allowed to remain, pursuant to the already-issued TERDA permits. (*Id.* Ex. B.) The Castlemans, however, did not secure a TERDA permit, so their request could not be "grandfathered." (*Id.*)

Plaintiffs allege that in October 2005 TVA again denied their request for a Permit, relying on the terms of the Plan. (*Id.* ¶ 9.)

### III. ANALYSIS

Plaintiffs allege in their complaint that TERDA's approval of the site survey and contingent approval of the Permit vested Plaintiffs with a property interest and that TVA's subsequent refusal to issue the Permit constitutes an unconstitutional taking. (*Id.* ¶¶ 13, 15.) Defendant TVA seeks the dismissal of Plaintiffs' complaint pursuant to Rule 12(b)(6) on three bases: (1) that Plaintiffs' complaint is deficient because it fails to allege the satisfaction of all conditions precedent; (2) that Plaintiffs did not possess a property interest subject to the Takings Clause; and (3) that no Fifth Amendment "taking" or failure of due process occurred.

### A. Satisfaction of Conditions Precedent

First, Defendant TVA argues that Plaintiffs' complaint should be dismissed because Plaintiffs failed to plead the satisfaction of all conditions precedent. Specifically, TVA contends that Plaintiffs failed to plead that they constructed a permanent residence on the property, which was required for the issuance of the Permit.

Federal Rule of Civil Procedure 9(c) states that "[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." Thus, although Rule 9(c) "permits the allegation [of the satisfaction of a condition precedent] to be couched in general (and even conclusory) rather than detailed terms," it still "obliges the pleader to allege compliance with the contract or the performance of any relevant conditions or to state that the performance or occurrence of the conditions precedent was waived or excused." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1303 (3d ed. 2004).

Defendant is correct that TERDA's approval of the Permit was contingent on the construction of a permanent residence on the property and that Plaintiffs have failed to allege in their complaint that they actually constructed a permanent residence. However, the phrasing of the allegations that are present in Plaintiffs' complaint alleviate the need for Plaintiffs to plead the construction of a residence. Specifically, Plaintiffs allege that "TERDA's approval of the site survey and contingent approval of the water use facility permit vested in Plaintiffs a property interest . . . ." (Compl. ¶ 13.) Thus, Plaintiffs allege that a property interest existed even in the absence of the construction of a permanent residence. Regardless of whether Plaintiffs are correct in their assertion of a property interest based on the contingent approval of the Permit, Plaintiffs have phrased their

-4-

Case 4:06-cv-00017   Document 5   Filed 07/28/06   Page 4 of 8   PageID #: 4

allegations in such a way as to avoid Defendant's argument that they failed to allege a condition precedent.

B.  **Existence of a Cognizable Property Interest**

Next, Defendant contends that Plaintiffs' complaint should be dismissed because it fails to state a claim under the Fifth Amendment, as Plaintiffs have not alleged adequately the existence of a property interest subject to the Takings Clause.

The Fifth Amendment to the United States Constitution provides, in pertinent part, that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V. To survive a motion seeking the dismissal of a Fifth Amendment takings claim, the plaintiff must allege sufficiently that (1) the plaintiff possessed a cognizable "property interest" and (2) a "taking" of such property interest occurred. *Coalition for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 481 (6th Cir. 2004); *see also Prater v. City of Burnside*, 289 F.3d 417, 425-27 (6th Cir. 2002). With respect to the first prong, "the Constitution neither creates nor defines the scope of property interests compensable under the Just Compensation Clause. Rather, 'existing rules and understandings' and 'background principles' derived from an independent source, such as state, federal, or common law, define the dimensions of the requisite property rights for purposes of establishing a cognizable taking." *Id.* (citing *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1030 (1992)).

In this instance, Plaintiffs allege that the contingent approval of the Permit vested Plaintiffs with a property interest. Defendant argues in part that, because the full issuance of a Permit would not have vested Plaintiffs with a property interest, the mere contingent approval of a Permit could not possibly have vested Plaintiffs with a property interest.

The Federal Circuit has outlined several factors to consider in determining whether a property interest exists relative to a permit: (1) whether the permit can be assigned, sold, or transferred; (2) whether the permit confers exclusive rights; and (3) whether the permit can be revoked, suspended, or modified by the government. *America Pelagic Fishing Co., L.P. v. United States*, 379 F.3d 1363, 1373-74 (Fed. Cir. 2004); *Conti v. United States*, 291 F.3d 1334, 1341-42 (Fed. Cir. 2002). Based on these factors and other case law, it is clear that the issuance of a Permit would not have vested Plaintiffs with a property interest.

First, the Permit itself indicates that it may not "be assigned, transferred, or granted . . . without the prior written approval of TERDA," that it "is issued subject to all rights of third parties," and that it may be cancelled upon 30 days' notice pursuant to TERDA's "unqualified and unrestricted right to cancel." (Court Doc. No. 4-4, TERDA Tims Ford Reservoir Water Use Facilities License ¶¶ 3-4.)[1] In addition, the Permit indicates that it "creates no property interest." (*Id.* ¶ 3.) Thus, not only does the Permit specifically disclaim the existence of a property interest, it also states that the Permit-holder does not have the right to transfer the Permit, that the Permit does not confer exclusive rights, and that the Permit can be revoked by the government. *See Am. Pelagic Fishing*, 379 F.3d at 1373-74; *Conti*, 291 F.3d at 1341-42. As in *Conti*, "[t]he absence of crucial indicia of a property right, coupled with the government's irrefutable retention of the right to suspend, revoke, or

---

[1] All written instruments that are exhibits to the complaint are considered part of the complaint for purposes of the Court's consideration of a motion to dismiss. Fed. R. Civ. P. 10(c). In addition, any documents that are referred to in the complaint and are central to Plaintiffs' claim are also considered part of the complaint. *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997). Thus, because the Permit is mentioned in Plaintiffs' complaint and is central to their claim, the Court may consider the Permit without converting the motion to dismiss into a motion for summary judgment.

modify [the permit], compels the conclusion that the permit bestowed a revocable license, instead of a property right." 291 F.3d at 1342.

Second, it is undisputed that the land upon which Plaintiffs seek to place their boat dock is federal public property[2], thus giving TVA "broad powers over the terms and conditions upon which the public lands can be used, leased, and acquired." *United States v. Locke*, 471 U.S. 84, 104 (1985); *see also* 16 U.S.C. § 831c(h). "[P]ermits to perform activities on public land – whether the activity be building, grazing, prospecting, mining or traversing – are mere *licenses* whose revocation cannot rise to the level of a Fifth Amendment taking." *Marine One, Inc. v. Manatee County*, 898 F.2d 1490, 1492-93 (11th Cir. 1990); *see also Lake Berryessa Tenants' Council v. United States*, 588 F.2d 267, 269-70 (9th Cir. 1978); *Burns Harbor Fish Co. v. Ralston*, 800 F. Supp. 722, 727-28 (S.D. Ind. 1992). Accordingly, because the land at issue is public land, the Court must conclude that the Permit is a mere license, not a property interest.

Thus, the issuance of a Permit would not have created a property interest. Because a fully-issued Permit does not vest the Permit-holder with a property interest, the contingent approval of the Permit in this case could not have vested Plaintiffs with a property interest. Because Plaintiffs have not adequately alleged a cognizable property interest, they have failed to allege the necessary *prima facie* elements of a Fifth Amendment takings claim. Accordingly, Defendant's motion to dismiss must be granted.

---

[2] Defendant TVA urges the Court to take judicial notice of the undisputed certified copies of the deeds accompanying its motion to dismiss, and the Court so takes note.

**IV.     CONCLUSION**

For the reasons explained above, Defendant TVA's Motion to Dismiss [Court Doc. No. 3] is **GRANTED**, and Plaintiffs' Fifth Amendment takings claim against Defendant is **DISMISSED WITH PREJUDICE**.  In accordance with Federal Rule of Civil Procedure 54(d)(1), Defendant is entitled to recover its costs of this action.

The Clerk is directed to close the file in this case.

SO ORDERED this 28th day of July, 2006.

*s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE